UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-14412-ROSENBERG/MAYNARD

GREGORY MAKOZY,

   Plaintiff,

v.

UNITED STATES OF AMERICA,
et al.,

   Defendants.
_____/

# **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND CLOSING CASE**

The matter comes before upon Defendants' Motions to Dismiss, which are ripe for review. For the reasons set forth below, both Motions are granted.

### Defendant Charles Zimmerer

Plaintiff has filed a claim for legal malpractice against his former *pro bono*, bankruptcy-court-appointed attorney, Defendant Zimmerer.[1] Plaintiff's claim against Defendant Zimmerer must be dismissed because the Court lacks jurisdiction over the claim; legal malpractice is a state law claim—not federal—and the parties are not diverse pursuant to Plaintiff's own allegations. The Court explained the same to Plaintiff in a prior case:

> Here, the Court cannot discern the required statement of jurisdiction and, even construing the Amended Complaint liberally, the Court does not find that it has subject

---

[1] The Court takes judicial notice of Plaintiff's three prior bankruptcy proceedings and his prior criminal proceeding. *In re Gregory Michael Makozy*, No. 0:11-BK-36301; *In re Gregory Michael Makozy*, No. 0:13-BK-14226; *In re Gregory Michael Makozy*, No. 0:13-BK-18173. The Court may take judicial notice of Plaintiff's prior indictment (in his criminal case) and prior publicly-filed documents in Makozy's civil cases. Fed. R. Evid. 201 (providing that a court may take judicial notice of "matters of public record"); *see also Makozy v. Internal Revenue Serv.*, No.18-cv-14404, 2018 WL 6978696, at *2 (S.D. Fla. Oct. 19, 2018) (Maynard, J.) (taking judicial notice of Makozy's indictment filed in his criminal case).

1

matter jurisdiction over Plaintiff's claims. First, there is no federal cause of action alleged in the Amended Complaint that would give rise to federal question jurisdiction. Plaintiff has not referenced any federal statute, constitutional provision or amendment, or any other recognized basis for a federal cause of action in his Amended Complaint. See DE 9. Although Plaintiff contends that this lawsuit is based on federal bankruptcy law, see DE 45, 50, 63, Plaintiff has not articulated a federal cause of action under which he is suing.

Second, the Court does not have diversity jurisdiction over this case because the parties are not completely diverse. Mr. Zimmerer is a citizen of the same state as Plaintiff, destroying diversity jurisdiction. See DE 9 at 2-3; DE 36 at 5. *Travaglio*, 735 F.3d 1266, 1268.

For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction over Plaintiff's claims.

*Makozy v. Zimmerer*, 2:18-cv-14050-RLR, at DE 83.

After the Court dismissed Plaintiff's previous case for lack of jurisdiction, Plaintiff initiated a second case against the same Defendant with the same allegations and claim. Again, the Court dismissed Plaintiff's case for lack of jurisdiction. *Makozy v. Zimmerer*, 18-cv-14404-JEM. After an unsuccessful appeal in which the appellate court found that Plaintiff's appeal was frivolous, Plaintiff filed his third case against Defendant Zimmerer—the case before this Court. *See Makozy v. Zimmerer*, Case No. 19-10396. The Court again dismisses Plaintiff's claims against Mr. Zimmerer for lack of jurisdiction. At this time, the Court declines Defendant Zimmerer's request for monetary sanctions against Plaintiff. However, because this case marks the fourth time that Mr. Zimmerer has been forced to appear in federal court and defend a lawsuit that lacks a jurisdictional basis, the Court cautions Plaintiff that, even though Plaintiff is *pro se*, should Plaintiff pursue another case against Defendant Zimmerer without a basis to do so, the Court may impose personal, monetary sanctions upon Plaintiff.[2]

---

[2] The Court adopts and incorporates herein all of the arguments in favor of dismissal described in Defendant Zimmerer's Motion to Dismiss at docket entry 11.

*Defendant United States*[3]

Plaintiff previously pled guilty to the charge of fraudulent concealment of real property in bankruptcy.[4] In connection with that plea, prosecution, and related events, Plaintiff has sued the United States. The United States is immune from suit unless Congress expressly consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). Any waiver of sovereign immunity must be unequivocally expressed and cannot be implied. *United States v. Mitchell*, 455 U.S. 535, 538 (1980). Where Congress has provided for a specific waiver of sovereign immunity, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

Plaintiff seeks damages against the United States for "negligence," a "return of all funds taken," a clear credit report, a release of all liens asserted against him, and a public apology. DE 1 at 5-6. Plaintiff bears the burden of establishing an applicable waiver of sovereign immunity and showing that his claims for relief fall within the terms of the waiver. Plaintiff has neither met this burden nor plausibly alleged a basis to infer that such as waiver exists. The United States has not waived its sovereign immunity to entitle Plaintiff to pursue a claim against it for any of the requested relief, and Plaintiff's claim against the United States is dismissed with prejudice.[5]

---

[3] The Court grants the United States' Motion to Substitute itself as a party for the Defendant Internal Revenue Service for the reasons set forth in the Motion at docket entry 19.

[4] The Court takes judicial notice of Plaintiff's prior criminal case, *United States v. Makozy*, No. 15-cr-00184 (W.D. Pa. Aug. 25, 2015).

[5] The Court adopts and incorporates herein each and every basis for dismissal set forth in the United States' Motion to Dismiss at docket entry 20.

*Defendant Wanda Quiles*

Finally, Plaintiff has brought a claim for negligence against the Internal Revenue Officer who previously investigated Plaintiff.  Such a claim is barred by the doctrine of absolute immunity. The Westfall Act confers absolute immunity on federal employees for tort claims that challenge negligent or wrongful acts performed while acting within the scope of government employment. 28 U.S.C. § 2679; *see also Osborn v. Haley*, 549 U.S. 225, 229-30 (2007).  Under this statute, the exclusive remedy for anyone injured by the negligent or wrongful act of a federal employee acting in the scope of employee is a suit against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680.[6]

The allegations in the Complaint demonstrate that Plaintiff takes issue with Revenue Officer Quiles' purported actions that occurred when she conducted the usual business of IRS employees.  For example, the Complaint attaches a letter Revenue Officer Quiles sent to Plaintiff, identifying herself as a Revenue Officer for the IRS and informing him that he has an outstanding tax liability for 2009.  DE 1 at 11-12.  In the Complaint, Plaintiff takes issue with Revenue Officer Quiles' purported conduct in trying to collect that liability, such as demanding payment. *Id.* at 3.

Because Revenue Officer Quiles was acting in the scope of her employment at all relevant times, under the Westfall Act she is absolutely immune from suit for Plaintiff's common law tort claims.  *See Knowles v. United States*, 91 F.3d 1147, 1150 (8th Cir. 1996) ("When someone is injured by a tort committed by an employee of the United States who is acting within the scope of his employment, that employee cannot be sued.").

---

[6] Even so, a claim under the Federal Tort Claims Act may not be brought under the facts alleged in Plaintiff's Complaint.  The Federal Tort Claims Act does not apply to any claim arising out of assessment or collection of any tax.  28 U.S.C. § 2680(c).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motions to Dismiss at docket entries 11 and 20 are both **GRANTED** and Plaintiff's Complaint is **DISMISSED WITH PREJUDICE** for both lack of jurisdiction and failure to state a claim. The United States' Motion to Substitute [DE 19] itself as a Defendant in place of the Internal Revenue Service is also **GRANTED**. All remaining motions are **DENIED AS MOOT**. The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 30th day of April, 2020.

_____

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record